## SIMON REID ET AL.
### v.
## JOHN GUNNISON.

RELIEF IN EQUITY.—The lien of appellants' judgment was subject to a certain mortgage upon the land, but prior to a contract of sale with one M. for a portion of the land, and could have been enforced without regard to such contract; but appellants in their prayer for relief, electing to abide by the contract with M., it was not error to decree an application of the money paid by M. to the payment of the mortgage, and that M. should have the land free from appellants' lien.

APPEAL from the City Court of Aurora; the Hon. FRANK M. ANNIS, Judge, presiding.    Opinion filed January 14, 1879.

Mr. EUGENE CANFIELD, Mr. N. F. NICHOLS and Mr. M.O. SOUTH-WORTH, for appellants; that the relief granted by the court was entirely outside of the prayer of the bill, and erroneous, cited Heath v. Hurless, 73 Ill. 323; Ward v. Enders, 29 Ill. 519; Hall v. Towne, 45 Ill. 493; Dodge v. Wright, 48 Ill. 382.

No estoppel can be raised against appellants from an allegation in their cross-bill of a fact occurring months previous: Straus v. Minzesheimer, 78 Ill. 492; International Bank v. Bowen, 80 Ill. 541; Kinnear v. Mackey, 85 Ill. 96; Ball v. Horton, 85 Ill. 159; Hefner v. Vandolah, 57 Ill. 520; Chandler v. White, 84 Ill. 435; St. Joseph M'f'g Co. v. Daggett, 84 Ill. 556.

Mr. CHARLES WHEATON, for appellee; that the decree was equitable, and should be sustained, cited 2 Story's Eq. Jur. § 1316; Weaver v. Poyer, 79 Ill. 417.

PILLSBURY, P. J.    The lien of the judgments of appellants was subject to that of the Gunnison mortgage, but was prior to any claim of Moore upon the land by virtue of his contract of purchase with Smith and Gunnison.    The appellants, therefore could, had they so desired, have enforced such lien subject to the mortgage, without regard to the contract of Moore; but instead of so doing they filed a cross-bill setting up the Moore

.contract, and alleging that the purchase price, $900, should be applied in discharge of the prior lien, and that the premises were so situated that it would be for the interest of the parties when such interest should be ascertained by the court, and their respective equities therein and thereon adjusted, to have said premises sold, and the money arising from such sale should be paid to the parties as to equity should appertain, and prays for such relief, and that they might have the benefit of the Moore contract.

Moore's contract included only a portion of the premises upon which the judgments and mortgage were a lien, and the price agreed to be paid by Moore for such portion was all the land was worth at time of his purchase.

The court below decreed that the $900 should be applied in payment of the Gunnison mortgage, but that Moore should have the land discharged of any lien of the judgment or the mortgage. We are of the opinion that this action of the court was proper. The appellants elected to ratify the contract, and have Moore's money applied to their benefit in the extinguishment of the prior lien upon the whole premises, and it would be exceedingly inequitable for appellants to thus take and apply his money and then subject the land to the payment of their judgment.

The court in the decree substantially granted the relief asked for by appellants, and as the decree appears to us to be very equitable and sustained by the pleadings and proofs, it will be affirmed.

Decree affirmed.